IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. HOPKINS,                          No. C 09-02164 CW (PR)

          Plaintiff,
                                           ORDER OF DISMISSAL WITH LEAVE
     v.                                    TO AMEND

ALAMEDA COUNTY SHERIFF
GREGORY J. AHERN, et al.,

          Defendants.
_____/

                              INTRODUCTION

     Plaintiff filed this pro se civil rights complaint under 42

U.S.C. § 1983, alleging constitutional violations that occurred

while he was housed at Santa Rita Jail.  He has been granted leave

to proceed in forma pauperis.

     The Court now conducts its initial review of the complaint

pursuant to 28 U.S.C. § 1915A.

                              DISCUSSION

I.   Standard of Review

     A federal court must conduct a preliminary screening in any

case in which a prisoner seeks redress from a governmental entity

or officer or employee of a governmental entity.  See 28 U.S.C.

§ 1915A(a).  In its review, the court must identify any cognizable

claims and dismiss any claims that are frivolous, malicious, fail

to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief.  See id.

§ 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally

construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

699 (9th Cir. 1988).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must
2    allege two essential elements: (1) that a right secured by the
3    Constitution or laws of the United States was violated, and (2)
4    that the alleged violation was committed by a person acting under
5    color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).
6    A supervisor may be liable under § 1983 upon a showing of
7    personal involvement in the constitutional deprivation or a
8    sufficient causal connection between the supervisor's wrongful
9    conduct and the constitutional violation.  Redman v. County of San
10   Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation
11   omitted).  A supervisor therefore generally "is only liable for
12   constitutional violations of his subordinates if the supervisor
13   participated in or directed the violations, or knew of the
14   violations and failed to act to prevent them."  Taylor v. List, 880
15   F.2d 1040, 1045 (9th Cir. 1989).  This includes evidence that a
16   supervisor implemented "a policy so deficient that the policy
17   itself is a repudiation of constitutional rights and is the moving
18   force of the constitutional violation."  Redman, 942 F.2d at 1446;
19   see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).
20   II.  Exhaustion
21   A question which must be answered before Plaintiff can proceed
22   with his claims is whether he has exhausted available
23   administrative remedies with respect to each claim.
24   The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134,
25   110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide
26   that "[n]o action shall be brought with respect to prison
27   conditions under [42 U.S.C. § 1983], or any other Federal law, by a
28

2

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he filed suit, even if the prisoner fully exhausts while the suit is pending.  <u>See</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." <u>Id.</u> at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  <u>Id.</u> at 741.  The purposes of the exhaustion requirement include allowing the prison or jail to take responsive action, filtering out frivolous cases and creating an administrative record.  <u>See</u> <u>Porter</u>, 534 U.S. at 525.

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement.

Here, it is not clear that Plaintiff exhausted his available administrative remedies before filing his federal complaint on May 18, 2009.  Plaintiff contends that he "presented two grievances, first one being tracking #09G-50649, 4-11-09 and 09G-50670 4-15-

3

09," both of which he has attached to his complaint.  (Compl. at
2.)  However, Plaintiff does not allege whether he received
responses to his two grievances from the highest level of review
available to him.  As to grievance #09G-50649, it was "received" by
Defendant Fesmire on April 11, 2009; however, it states that the
grievance "can not [sic] be resolved at this level." (Attach to
Compl., Grievance #09G-50649.)  There is no indication as to
whether grievance #09G-50649 was forwarded to the Sergeant.  (Id.)
Meanwhile, grievance #09G-50670 was "received" by Deputy
Christensen on April 15, 2009; however, there is no further
information indicating whether it was resolved by Deputy
Christensen or whether it was forwarded to the Sergeant.  (Attach
to Compl., Grievance #09G-50670.)  It thus appears Plaintiff has
not exhausted his administrative remedies as required by 42 U.S.C.
§ 1997e(a).

        Accordingly, it appears that Plaintiff's claims are
unexhausted and subject to dismissal.  Therefore, Plaintiff's
complaint is DISMISSED with leave to amend his complaint to prove
that he exhausted all of his claims against each Defendant before
he filed this action.  If Plaintiff did exhaust his administrative
remedies with respect to any or all of those claims before filing
this action, he may amend his complaint within thirty days to so
allege, as set forth below.  If he had not exhausted his claims
before he filed this complaint, he must wait until he has done so
and then file a new complaint.  In that instance, the present
complaint would be dismissed without prejudice.
//

III. Named Defendants

    The only Defendants named in this complaint are Alameda County
Sheriff Gregory Ahern and Deputy Fesmire.  In the body of the
complaint, Plaintiff mentions a desire to sue the Classification
Deputies who placed him in administrative segregation for non-
disciplinary, allegedly retaliatory, reasons.  If Plaintiff is
unable to determine the names of these individuals he may later
attempt through discovery to ascertain their names and then move
for leave to amend his complaint to add them as defendants.
However, Plaintiff must explain what these individuals did that
caused the violation of specific constitutional rights.  See Leer
v. Murphy, 844 F.2d 628, 634 (9th Cir.  1988) (liability may be
imposed on individual defendant under §1983 only if plaintiff can
show that defendant proximately caused deprivation of federally
protected right).  Conclusory allegations of wrongdoing, similar to
his allegations in the instant complaint, will not do.  Id.  A
person deprives another of a constitutional right within the
meaning of section 1983 if he does an affirmative act, participates
in another's affirmative act or omits to perform an act which he is
legally required to do, that causes the deprivation of which the
plaintiff complains.  Id. at 633.  As mentioned above, Plaintiff is
cautioned that there is no respondeat superior liability under §
1983.  See Taylor, 880 F.2d at 1045.  That is, under no
circumstances is there liability under § 1983 solely because one is
responsible for the actions or omissions of another.  Id.
Plaintiff's allegations against Sheriff Ahern are insufficient for

this reason.   If he is to be included in any amended complaint,
Plaintiff must plead a claim against him as specified above.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Within thirty (30) days from the date of this Order,
Plaintiff may file an amended complaint as set forth above, if he
has already exhausted his administrative remedies.   Plaintiff must
use the attached civil rights form, write the case number for this
action -- Case No. C 09-02164 CW (PR) -- on the form, clearly label
the complaint "Amended Complaint," and complete all sections of the
form.   Because an amended complaint completely replaces the
original complaint, Plaintiff must include in it all the claims he
wishes to present.   See Ferdik v. Bonzelet, 963 F.2d 1258, 1262
(9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814
F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644
F.2d 811, 814 (9th Cir. 1981).   He may not incorporate material
from the original complaint by reference.   Plaintiff's failure to
file an amended complaint by the deadline will result in the
dismissal of this action without prejudice.   If he has not already
exhausted his remedies, he may file a new complaint after he has
done so.

2.   It is Plaintiff's responsibility to prosecute this case.
Plaintiff must keep the court informed of any change of address and
must comply with the Court's Orders in a timely fashion.   Failure
to do so may result in the dismissal of this action for failure to
prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6

1        3.   The Clerk of the Court shall send Plaintiff a blank civil

2   rights form along with a copy of this Order.

3        IT IS SO ORDERED.

4   DATED:   5/7/2010

                                _____
5                               CLAUDIA WILKEN
                                UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

3

4

KEVIN L. HOPKINS,

Case Number: CV09-02164 CW

Plaintiff,

5

**CERTIFICATE OF SERVICE**

6

v.

7

ALAMEDA COUNTY SHERIFFS DEPT. et al,

8

Defendant.
_____/

9

10

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

11

12

That on May 7, 2010, I SERVED a true and correct copy(ies) of the attached and a blank civil rights
form, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter
listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

13

14

15

Kevin L. Hopkins PFN #AKV-006
Santa Rita Jail
5325 Broder Blvd.
Dublin,  CA 94568

16

17

18

Dated: May 7, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

19

20

21

22

23

24

25

26

27

28

8