IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. HOPKINS,                           No. C 09-2164 CW (PR)

          Plaintiff,                        ORDER DISMISSING ALL CLAIMS
                                            IN AMENDED COMPLAINT AND
     v.                                     DENYING PLAINTIFF'S PENDING
                                            MOTIONS
ALAMEDA COUNTY DEPUTY FESMIRE,
et al.,

          Defendants.
_____/

     Plaintiff Kevin L. Hopkins, a state prisoner currently
incarcerated at Avenal State Prison, filed this pro se civil rights
action under 42 U.S.C. § 1983 alleging constitutional violations
stemming from his incarceration at Santa Rita Jail in Alameda
County.

     On April 20, 2010, Plaintiff filed a "Motion for Temporary
Injunction."  At the time he filed his motion, Plaintiff stated
that he was still being housed at Santa Rita.  He alleges that he
is in need of an "emergency preliminary injunction to be
transferred to the Northern County Jail in Oakland to prevent
reprisals for filing [this] lawsuit that alleged sexually malicious
assault under color of state law by Deputy Fesmire."  (Mot. for
Temporary Injunction at 1.)  The Court notes that since he filed
his Motion for Temporary Injunction, Plaintiff has informed the
Court that he has been transferred to Avenal State Prison.  The
transfer to a different prison makes his requested relief moot.
Accordingly, Plaintiff's Motion for Temporary Injunction (docket
no. 15) is DENIED as moot.

     Following an initial review of the complaint, the Court issued
an Order Dismissing Plaintiff's Complaint With Leave to Amend.  The

following background relating to the exhaustion of the Plaintiff's

claims in his complaint pursuant to the Prison Litigation Reform

Act of 1995 (PLRA) is taken from the Court's May 7, 2010 Order:

> Plaintiff contends that he "presented two grievances, first one being tracking #09G-50649, 4-11-09 and 09G-50670 4-15-09," both of which he has attached to his complaint. (Compl. at 2.)  However, Plaintiff does not allege whether he received responses to his two grievances from the highest level of review available to him.  As to grievance #09G-50649, it was "received" by Defendant Fesmire on April 11, 2009; however, it states that the grievance "can not [sic] be resolved at this level." (Attach. to Compl., Grievance #09G-50649.) There is no indication as to whether grievance #09G-50649 was forwarded to the Sergeant.  (Id.)  Meanwhile, grievance #09G-50670 was "received" by Deputy Christensen on April 15, 2009; however, there is no further information indicating whether it was resolved by Deputy Christensen or whether it was forwarded to the Sergeant.  (Attach. to Compl., Grievance #09G-50670.) It thus appears Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

(May 7, 2010 Order at 3-4.)  The Court dismissed Plaintiff's

complaint with leave to amend to show that he exhausted all of his

claims against each Defendant prior to filing this action.  The

Court also indicated that in his original complaint, Plaintiff only

named Defendants Alameda County Sheriff Gregory Ahern and Deputy

Fesmire.  In the body of the complaint, Plaintiff also mentioned a

desire to sue the "Classification Deputies" who placed him in

administrative segregation for non-disciplinary, allegedly

retaliatory, reasons.  The Court notified Plaintiff that if he was

unable to determine the names of these unnamed defendants, then he

may later attempt through discovery to ascertain their names and

then move for leave to amend his complaint to add them as

defendants.  Plaintiff was also directed to explain what these

individuals did that caused the violation of specific

2

United States District Court

For the Northern District of California

1    constitutional rights.

2         On May 12, 2010, Plaintiff filed an amended complaint, which

3    the Court now reviews to determine whether it states cognizable

4    claims for relief.

5         In his amended complaint, Plaintiff alleges that "on April 10,

6    2009, Defendant Fesmire conducted a cell search on cell #10."  (Am.

7    Compl. at 3.)  Plaintiff states that the cell was occupied by both

8    himself and inmate Vanburen.  (Id.)  Defendant Fesmire then "found

9    stockpiled medications in both occupants of cell bed area."  (Id.)

10   Plaintiff alleges that he was "the only inmate that [Defendant

11   Fesmire] conducted a pat down search fondling and groping [his]

12   penis and testicles."  (Id.)  Plaintiff claims that Defendant

13   Fesmire then handcuffed him and took him to an isolation cell where

14   he was told to strip down.  (Id.)  Plaintiff alleges that the

15   "strip search" Defendant Fesmire conducted on him "was intrusive

16   and had homosexual undertones."  (Id.)  Plaintiff further alleges

17   that during the "strip search," Defendant Fesmire "was aroused."

18   (Id.)  Plaintiff adds, "The search was excessive, vindictive . . .

19   sexual harassment."  (Id.)  Plaintiff claims that Defendant Fesmire

20   "made it obvious that he was acting in a aggressive homosexual

21   nature."  (Id.)

22        On April 11, 2009, Plaintiff filed a grievance against

23   Defendant Fesmire, alleging that the search he conducted was with

24   "flagrant disrespect" and also "humiliating."  (Attach. to Am.

25   Compl., Grievance #09G-S0649.[1])  Plaintiff claims that he was

26   _____

27        [1] The Court notes that the grievance tracking numbers were
     incorrectly referred to as #09G-50649 and #09G-50670 in the Court's
28   May 7, 2010 Order.  The exhibits attached to the amended complaint

3

United States District Court
For the Northern District of California

"further outraged" because Defendant Fesmire asked him if he had
"some sexual stuff going on." (<u>Id.</u> at 3-1.)[2]  Plaintiff alleges
that inmate Vanburen told Defendant Fesmire that Plaintiff "was
parading around cell butt naked."  (<u>Id.</u>)

On April 13, 2009, Plaintiff filed a second grievance,
"depicting [Defendant Fesmire's] actions" during the cell and strip
search.  (Attach. to Am. Compl., Grievance #09G-S0670.)  Plaintiff
adds that he has "exhausted all remedies as is attested by
attachment of such responses." (<u>Id.</u> at 3-1.)  Plaintiff claims
that "there was no penological concern for [Defendant Fesmire] to
stripp [sic] search [him] after already giving [him] a sexually
suggestive pat down search." (<u>Id.</u>)  Plaintiff claims that jail
officials had already conducted a search of his cell and
"contraband prescribed meds were found in both inmates
quarters . . . ." (<u>Id.</u>)  Finally, Plaintiff claims that because of
the strip search he suffered "outrage, humiliation, emotional[]
distress and a host of reprisals, harassments from other staff
members." (<u>Id.</u> at 3-2.)

Plaintiff alleges that he was then transferred out of Santa
Rita on an unspecified date and that when he returned on April 10,
2010, he "spoke with [the] Mental Health Counselor of the abuse
[he] experienced." (<u>Id.</u>)  He also claims that on April 23, 2010,
he was housed with another inmate, Stanley Huff, who was "so
despondent and so unattached with reality," that Plaintiff pressed

show that the tracking numbers should be #09G-S0649 and #09G-S0670.
(Attach. to Am. Compl., Grievance #09G-S0649 & #09G-S0670.)

---

[2] Plaintiff attached four pages to page three of his amended
complaint; therefore, the Court has numbered them "3-1" through "3-
4."

the "intercom that [is] used for emergencies" and attempted to alert jail officials that inmate Huff "should not [have] been housed with another inmate." (Id.)  When no one responded to his call, Plaintiff alleges Inmate Huff "launched a physical attack" on him.  (Id.)  After the deputies separated the two inmates, Plaintiff claims that he needed medical attention for his injuries. (Id.)  However, Deputy Mullencaux denied him medical attention. (Id.)

Finally, Plaintiff refers to the original claim involving Defendant Fesmire and generally alleges that "classification placed [him] in administrative segregation for non-disciplinary retaliatory reasons in concert with Deputy Fesmire . . . ." (Id. at 3-3.)  However, Plaintiff does not name the "Classification Deputies" responsible for the alleged unconstitutional classification because he claims he "will later attempt to name all defendants through discovery to ascertain their names and ask for further permission for leave to amend this complaint." (Id.)

In sum, Plaintiff alleges that Defendant Fesmire violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourth Amendment right to be free from unreasonable searches.  (Id. at 3-4.)  Plaintiff raises new allegations stemming from the April 23, 2010 incident involving Inmate Huff and Deputy Mullencaux.  (Id. at 3-3.)  Plaintiff also claims that "Classification Deputies" violated his Fourteenth Amendment rights to procedural due process for "placing him in administrative segregation for non-disciplinary reasons." (Id. at 3-4.) Plaintiff claims he suffered "physical, emotional and mental injury." (Id.)

United States District Court
For the Northern District of California

1    Finally, Plaintiff requests appointment of counsel to assist

2 him in pursuing his claims.  (<u>Id.</u> at 3-3.)

3    Also before the Court are Plaintiff's motions requesting

4 service on Defendants (docket nos. 17, 25).

5                          DISCUSSION

6 I.   Exhaustion

7    Plaintiff has submitted new information relating to exhaustion

8 in his amended complaint -- including the administrative appeals

9 attached as exhibits -- showing that he received responses from the

10 highest level of review available to him, the Commanding Officer.

11 Therefore, Court concludes that, for the purposes of review of

12 Plaintiff's amended complaint, he has satisfactorily shown that he

13 has exhausted the claim relating to the April 10, 2009 incident

14 involving Defendant Fesmire.

15    Plaintiff has not exhausted his available administrative

16 remedies as to the new allegations in his amended complaint before

17 filing his federal complaint, however.  Specifically, as of the

18 time he filed his amended complaint, Plaintiff claims that the

19 exhaustion of his "new allegations" relating to the April 23, 2010

20 incident involving Inmate Huff and Deputy Mullencaux is "still

21 pending."  (Am. Compl. at 3-4.)  In addition, Plaintiff has not

22 attached to his amended complaint any of the grievances he

23 submitted relating to the April 23, 2010 incident.  Therefore,

24 Plaintiff seeks "leave to ammend [sic] when Plaintiff can

25 incorporate new allegations procedurally."  (<u>Id.</u>)

26    The Court stated as follows in its May 7, 2010 Order: "[T]he

27 PLRA's exhaustion requirement applies to all inmate suits about

28 prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong."  (May 7, 2010 Order at 3 (citing <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002)).)  The Court added: "Exhaustion of all 'available' remedies is mandatory; those remedies need not meet federal standards, nor must they be 'plain, speedy and effective.'"  (<u>Id.</u>); <u>Booth v. Churner</u>, 532 U.S. 731, 739-40 & n.5 (2001).

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  <u>Id.</u> at 1120.

Here, Plaintiff concedes he has not exhausted his administrative remedies as to the new allegations relating to the April 23, 2010 incident.  Plaintiff has not presented any extraordinary circumstances which might permit him to be excused from complying with PLRA's exhaustion requirement.  <u>Cf.</u> <u>Booth</u>, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the claims in the amended complaint relating to the April 23, 2010 incident -- and specifically involving Inmate Huff and Deputy Mullencaux -- are DISMISSED without prejudice to refiling in a new action after exhausting California's prison administrative process.  <u>See</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative

United States District Court
For the Northern District of California

7

remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).  Therefore, Plaintiff's request for leave to amend to add these new allegations is DENIED.

II.  Legal Claims

A.  Eighth Amendment Claim

Plaintiff claims that on April 10, 2009, Defendant Fesmire conducted a clothed body search on him after doing a cell search, and during the search began "fondling and groping [sic] his penis and testicles."  (Am. Compl. at 3.)

The conduct alleged by Plaintiff does not rise to the level of an Eighth Amendment violation.  Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm.  See Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc).  However, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation -- the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force.  See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him).  A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. See, e.g., Jordan, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two

8

months by conducting deliberate examination of genitalia and anus).

Here, according to Plaintiff, Defendant Fesmire handled Plaintiff's penis and genitals during a clothed body search. Plaintiff has not indicated that there was any more than a <u>de minimis</u> injury resulting from the isolated brief incident. Accordingly, Plaintiff's Eighth Amendment claim against Defendant Fesmire is DISMISSED for failure to state a claim for relief.

B.    Fourth Amendment Claim

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. <u>Bull v. San Francisco</u>, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc). To analyze a claim alleging a violation of this privacy right, the court must apply the test set forth in <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987), and determine whether a particular invasion of bodily privacy was reasonably related to legitimate penological interests. See <u>Bull</u>, 595 F.3d at 973. Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. See <u>Bell v. Wolfish</u>, 441 U.S. 520, 561 (1979). The Fourth Amendment right to be secure against unreasonable searches extends to incarcerated prisoners, but the reasonableness of a particular search must be determined by reference to the prison context. See <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 332 (9th Cir. 1988).

Here, the search at issue involved a strip search at a jail. However, Plaintiff does not claim that the search by Defendant Fesmire was unreasonable or conducted in an abusive manner. Plaintiff alleges that he was transferred to an isolation cell and told to strip down. In his grievance, he specifically states that

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Defendant Fesmire "conduct[ed] a humiliating strip search to view [his] anatomy."  (Attach. to Am. Compl., Grievance No. 09G-S0649.) While he claims such a search was "intrusive and had homosexual undertones," (Am. Compl. at 3), such conclusory allegations do not amount to a constitutional violation.  Moreover, Plaintiff seems to allege that it was only a visual strip search that was conducted by Defendant Fesmire.  The record shows that the visual strip search was conducted after Defendant Fesmire had found "stockpiled medications" in Plaintiff's cell.

As noted above, the Court must consider the reasonableness of the search under <u>Bell</u> to determine if the search was reasonably related to legitimate penological interests under <u>Turner</u>.  The prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search.  See <u>Thompson v. Souza</u>, 111 F.3d 694, 700 (9th Cir. 1997).  In <u>Thompson</u>, the Ninth Circuit held that visual strip searches and urine tests to search for drugs were reasonably related to the prison officials' legitimate penological interest in keeping drugs out of prison.  <u>Id.</u>  Therefore, here, as in <u>Thompson</u>, the Court finds that Defendant Fesmire's visual strip search -- directly after finding "stockpiled medications" in Plaintiff's cell -- was reasonably related to the legitimate penological interest in keeping drugs out of Santa Rita. Therefore, there is no evidence that the strip search conducted here violated Plaintiff's Fourth and Fourteenth Amendment rights.

C.   Claims Against "Classification Deputies" and Defendant Ahern

In its May 7, 2010 Order, the Court conducted an initial

**United States District Court**
For the Northern District of California

screening of Plaintiff's due process claim against the "Classification Deputies" pursuant to 28 U.S.C. § 1915A(a), and also of his claim against Defendant Ahern.  In his amended complaint, Plaintiff again asserts that the "Classification Deputies" placed him in administrative segregation for non-disciplinary reasons.  However, Plaintiff does not amend his claim against Defendant Ahern.  Therefore, all claims against Defendant Ahern are DISMISSED for failure to state a claim.

Reviewing Plaintiff's original claim against the "Classification Deputies," the Court found that he failed to provide any additional facts and that his allegations were not sufficient to state a plausible claim that his constitutional rights were violated.  Therefore, the Court dismissed this claim with leave to amend to cure this pleading deficiency.  In amending, Plaintiff was directed to "explain what these individuals did that caused the violation of specific constitutional rights."  (May 7, 2010 Order at 5 (citing <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988)).)  The Court added, "Conclusory allegations of wrongdoing, similar to his allegations in the instant complaint, will not do." <u>Id.</u>  Finally, Plaintiff was directed to show that he exhausted his administrative remedies with respect to any claim against the "Classification Deputies" <u>before</u> he filed his suit.  The amended complaint simply reiterates the same vague allegations against the "Classification Deputies" that were stated in the original complaint, including his conclusory allegations of being placed in administrative segregation for "non-disciplinary" reasons.  (Am. Compl. at 3-3.)  Nowhere in his amended complaint does Plaintiff allege additional facts sufficient to show that the "Classification

United States District Court
For the Northern District of California

Deputies'" actions rose to the level of constitutional violations. While Plaintiff states that he "exhausted all grievance remedies," (<u>id.</u> at 3-4), he has failed to explain how he exhausted his administrative remedies with respect to his claims against the "Classification Deputies."  Finally, the Court finds that Plaintiff has failed to name the individually responsible defendants and to link them specifically to his due process claim.  Accordingly, the Court finds that Plaintiff's amended complaint does not cure the pleading deficiency identified in the Court's Order dismissing his due process claim with leave to amend.  Therefore, his due process claim against the "Classification Deputies" is DISMISSED without leave to amend, but without prejudice to refiling in a new complaint after exhausting administrative remedies.  Any new, exhausted complaint must name the defendants and include sufficient facts to state a claim.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's Motion for Temporary Injunction (docket no. 15) is DENIED as moot.

2.   Plaintiff's claims in the amended complaint relating to the April 23, 2010 incident -- and specifically involving Inmate Huff and Deputy Mullencaux -- are DISMISSED without prejudice to refiling in a new action after exhausting California's prison administrative process.  His request for leave to amend to add these new allegations is DENIED.

3.   Plaintiff's remaining claims against Defendant Fesmire in his amended complaint are DISMISSED with prejudice and without

12

leave to amend.

    4.   Plaintiff's claim against the "Classification Deputies" is DISMISSED without leave to amend, but without prejudice to refiling in a new complaint after exhausting administrative remedies.

    5.   Because the Court has dismissed all claims in his amended complaint, Plaintiff's motion for appointment of counsel and his motions requesting service on defendants (docket nos. 17, 25) are DENIED.

    6.   The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions and close the file.

    7.   This Order terminates Docket nos. 15, 17 and 25.

    IT IS SO ORDERED.

Dated: 3/28/2011

_____
CLAUDIA WILKEN
United States District Judge

13

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. HOPKINS,

        Plaintiff,

  v.

ALAMEDA COUNTY SHERIFFS DEPT. et al,

        Defendant.
_____/

Case Number: CV09-02164 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins V76611
Bldg. 510 / 40U
Avenal State Prison
P.O. Box 9
Avenal,  CA 93204

Dated: March 28, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

14